### RAIVES v. RAIVES et al.

No. 28.

Circuit Court of Appeals, Second Circuit.

Argued October 15, 1931.
Decided November 2, 1931.

Anderson, Phillips & Moss, of New York City, for plaintiff.

Edward Weinfeld, of New York City (Harry G. Anderson and Louis J. Merrell, both of Brooklyn, N. Y., of counsel), for defendant Mary Raives.

Howard W. Ameli, U. S. Atty., and A. D. Smith, Asst. U. S. Atty., both of Brooklyn, N., Y., William Wolff Smith, Sp. Counsel Veterans' Administration, and Lawrence A. Lawlor, Attorney, Veterans' Administration, both of Washington, D. C., for the United States.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

■ Representations made by an applicant for insurance to the effect that within a specified period previous to the date of the application the applicant had not consulted a physician concerning his health are material, and, when false, amount to a fraud on the insurer who has relied upon them in issuing a policy of insurance that will render the insurance void. Mutual Life Ins. Co. of New York v. Hurni Packing Co. (C. C. A.) 260 F. 641 (see, also [C. C. A.] 280 F. 18, where this case was decided on another ground); Jenkins v. United States (D. C.) 24 F.(2d) 452; Mutual Life Ins. Co. v. Hilton-Green et al., 241 U. S. 613, 36 S. Ct. 676, 60 L. Ed. 1202; Ætna Life Ins. Co. v. Moore, 231 U. S. 543, 34 S. Ct. 186, 58 L. Ed. 356.

The fact that the government had a report by a physician who examined and passed this applicant in no way tends to indicate that it did not rely upon this answer or that it knew the answer was false. The answer was made to be relied upon and was relied upon. Since it was willfully false, the intention to deceive follows as a matter of law. Claflin v. Insurance Co., 110 U. S. 81, 3 S. Ct. 507, 28 L. Ed. 76.

■ It is urged that the fraud, if any, only entered into the reinstatement of the policy, and had no effect upon the converted policy. We agree that the reinstatement of a policy for insurance is something different from the conversion of the insurance, but it is too plain for discussion that there had to be a reinstated policy before it could be converted, and, since the reinstatement of the policy must be held void because of a fraudulent application, there was no valid policy to convert.

■ The provision in the policy that it should be incontestable from the date it took effect, except for nonpayment of premiums, must be read in connection with the provisions of the statute under which the reinstatement was authorized. This statute was the World War Veterans' Act of 1924 as amended in 1925 (43 Stat. 1302), and provided in section 307 (38 USCA § 518) that all such "Policies of insurance heretofore or hereafter issued shall be incontestable after the insurance has been in force six months from the date of issuance or reinstatement, except for fraud or nonpayment of premiums and subject to the provisions of section 447. * * *" The incontestability clause in the policy did not accord to the government the rights to contest provided by the statute which permitted it to be issued and to the extent that it was in violation of the statute was not binding upon the United States which acts only through its authorized agents and is bound only to the extent it has consented to be bound. No agent had authority to waive the provisions of the statute. Birmingham v. United States (C. C. A.) 4 F.(2d) 508.

Judgment affirmed.