## WILBER NAT. BANK OF ONEONTA, N. Y., v. UNITED STATES.

### No. 315.

Circuit Court of Appeals, Second Circuit.
March 5, 1934.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y., Will G. Beardslee, Director, Bureau of War Risk Insurance, of Washington, D. C., and Wilbur C. Pickett, Sp. Asst. to Atty. Gen., for the United States.

Frank C. Huntington, of Oneonta, N. Y. (Sterling P. Harrington, of Oneonta, N. Y., of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellee brought this action, as administrator of the estate of the deceased, to recover upon a contract of the United States government life insurance issued effective July 1, 1927. The deceased was a World War veteran and held a war risk term insurance policy for $10,000, which lapsed August 31, 1919, through failure to pay the premium on August 1, 1919. In June, 1927, he applied for reinstatement of $5,000 of this insurance to be effective July 1, 1927. The requirements of reinstatement were payment of premiums on the $5,000 policy he desired reinstated for the lapsed month of August, 1919, which was $3.35, and one month's premium on the converted policy, $3.95.

About July 1, 1927, the insured remitted his check for $13.90 to pay for the lapsed month and for the months of July and August, 1927, and left a credit of $2.65 to be applied on account of $3.95 to become due September 1. The United States issued a receipt, dated July 29, 1927, for the remittance which contained the following clause:

"Important.—Insurance under the application evidenced by the above remittance shall be effective subject to the World War Veterans' Act, 1924 and Regulations, i. e., provided that previous term insurance be in force, or if lapsed, reinstatement thereof be approved by the Bureau; or if there be no previous term insurance that the applicant be entitled to Government Life Insurance; and that proper amount be tendered to cover the premium and that application be acceptable to the Bureau; otherwise the remittance will be returned to the depositor."

The policy was issued September 9, 1927, and received by the insured shortly thereafter. The insured was not advised as to how his remittance of $13.90 had been applied. On November 2 and December 20 remittances of $3.95 were sent and no acknowledgment or receipt was made until after the death of the insured. In September the insured became ill, and on October 17, 1927, he became incapacitated and died December 24, 1927. After his death an undated receipt for the $3.95 with the words, "tendered in payment of the premium due September 1, 1927," was received.

The appellee claimed the insurance. The claim was refused on the ground that the insurance had lapsed for nonpayment of premium due September 1, 1927. The grace period for September lapsed October 2, 1927.

Veterans' Bureau Regulation 14, subd. 2, declares the premium due on the 1st day of the month; if not paid when due, the insurance shall lapse as of that date, except that section 14, subd. 3, provides that the premium may be paid thereafter at any time within 31 days, exclusive of the due date, which shall constitute a grace period for the payment of such premium. During such grace period the insurance shall remain in force.

The court below held that the government was estopped from denying that the policy was not in effect on the date of the insured's death, by its conduct, and therefore granted a recovery. It is the appellee's contention that the United States government is bound by the act of its agents in the same manner as any other insurer, and that by electing to receive the premium for September it waived any right it might have had to insist upon a cancellation of the policy for failure to pay the premium due on September 1st; that it thereby made the policy in full force during September and October.

The conditions of the policy relating to premium payments were not met by a payment of the premium due September 1, 1927, and the insurance policy therefore expired counting in the grace period on October 2, 1927, unless there was a waiver by the appellee. The claim that there was such a waiver cannot be sustained. Crawford v. United States, 40 F.(2d) 199 (C. C. A. 2).

528

In Raives v. Raives, 54 F.(2d) 267 (C. C. A. 2), the policy provided for incontestability after six months except for nonpayment of premiums, but, because the policy did not give the government the right it had by statute—contestability for fraud—this court declared the policy not binding on the government when fraud had been practiced. The United States is bound by its agents only to the extent that it consents to be so obligated. In Birmingham v. United States, 4 F.(2d) 508 (C. C. A. 8), it was held that the government cannot be bound by waiver of any of the provisions of the policy by the acts of its agents. The government is not to be regarded as an ordinary insurance company. An agent of the United States has no power to place liability upon it by an act of omission which he could not do by commission. This is so firmly settled as to forbid holding that, when the government entered a new field, it broadened the powers of employees to bind the government where they had no such power in other fields. Therefore there was no estoppel, and the policy lapsed by nonpayment. U. S. v. Loveland, 25 F. (2d) 447 (C. C. A. 3).

In Standard Oil Co. of N. J. v. United States, 267 U. S. 76, 45 S. Ct. 211, 69 L. Ed. 519, the court held that the United States was liable for the loss of the vessel, since the government had insured against war risk. In determining whether the United States was also liable for interest, Justice Holmes declared that, when the United States went into the insurance business, issued policies in familiar form, it must be assumed to have accepted the ordinary incidents of suits in such business. But in the subsequent case of White v. United States, 270 U. S. 175, 46 S. Ct. 274, 275, 70 L. Ed. 530, Justice Holmes pointed out the nature of the relationship between the government and its soldiers in war risk policies, and recognized that insurance for soldiers was based upon a different relationship. It was not regarded as one of "familiar form." He said: "The insurance was a contract, to be sure, * * * but it was not one entered into by the United States for gain. All soldiers were given a right to it and the relation of the Government to them if not paternal was at least avuncular. * * * It was a new experiment. * * *"

Whatever may be the equities in favor of the appellee, and much may be said in its favor, it is clearly established we think that there can be no waiver here by the conduct of the appellant. The law does not permit waiving statutory requirements by the acts of employees of the government. The failure to pay the premiums prior to October 2 resulted in a lapse of the policy which may not now be held to be waived by the conduct of the government's employees.

Judgment reversed.