## UNITED STATES v. THOMAS et al.
### No. 9188.

Circuit Court of Appeals, Fifth Circuit.
Dec. 7, 1939.

Clyde O. Eastus, U. S. Atty., and William P. Walker, Asst. U. S. Atty., both of Fort Worth, Tex., for appellant.

G. E. Lockhart, of Lubbock, Tex., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The United States filed suit in eight cases in the District Court of the United States for the Northern District of Texas. In six of the cases the government sought recovery against farmers who had borrowed money from the Farm Credit Administration, and in each of the eight cases it sought to hold Thomas Brothers, a partnership, liable in tort and conversion for disposing of cotton which they had purchased from these six farmers and two others, and upon which the Farm Credit Administration held a chattel mortgage lien. W. T. Thomas, E. A. Thomas, M. C. Thomas, and L. M. Thomas were partners doing a ginning and cotton purchasing business under the firm name Thomas Brothers at Maple, Texas. It is without dispute that they purchased mortgaged cotton from the eight farmers, six of whom are defendants in this case.

The eight cases were consolidated and tried together. The defendant farmers failed to appear and answer the complaints and judgment was entered against each of them.

Thomas Brothers answered the complaints and set up two defenses:

1. That the United States through the conduct and acts of its agents and employees had waived the chattel mortgage lien on the cotton.

2. That the suits were filed more than two years after the alleged conversion and were, therefore, barred by the Texas Statute of Limitations.

The Court sustained the defenses and entered judgment for these defendants. It is from this judgment that the government has appealed.

The legislation which gives life to the Farm Credit Administration takes the precaution to avoid competition with private lending agencies. Its purpose is to create an agency to make loans to distressed farmers. It is expressly provided, among other things, that loans shall not be made to applicants who can obtain credit elsewhere. When these farmers sought loans they were required to furnish proof that they could not procure loans from any other money lending agency. The government was not seeking by this legislation to enter business and make money. It was simply trying to lend aid and assistance to farmers who had no credit and no money with which to purchase feed for their livestock and seeds for their crops. We think it clear that Farm Credit Administration was in no sense a commercial adventure. North Dakota-Montana Wheat Growers' Ass'n v. United States, 8 Cir., 66 F.2d 573, 92 A.L.R. 1484; White v. United States et al., 270 U.S. 175, 46 S.Ct. 274, 70 L.Ed. 530; Wilber Nat. Bank v. United States, 2 Cir., 69 F.2d 526.

When loans were made, the government took the borrower's note and a chattel mortgage which provided that the producer could not dispose of his cotton without the written consent of the Governor of the Farm Credit Administration. The mortgages here were recorded. Moreover, it is without dispute that the government had furnished a list of all borrowers to the defendants' cotton buyer. Agents or employees of the government had no authority to waive the chattel mortgage liens. Waiv-

er was not a good defense to this suit. Wilber Nat. Bank v. United States, 2 Cir., 69 F.2d 526; United States v. Standard Oil Co. et al., D.C., 20 F.Supp. 427.

There is no merit in the contention that the government claims were barred by the Texas Statute of Limitations. Congress has manifested no intention to be bound by such statutes and it is "settled beyond controversy that the United States when asserting 'sovereign' or governmental rights is not subject to either state statutes of limitations or to laches." Chesapeake & D. Canal Co. v. United States, 250 U.S. 123, 39 S.Ct. 407, 408, 63 L.Ed. 889; United States v. Nashville, C. & St. L. R. Co., 118 U.S. 120, 6 S.Ct. 1006, 30 L.Ed. 81; Phillips et al. v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289.

The judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.

Reversed and remanded.