**LOTZ v. UNITED STATES.**

No. 3946.

District Court, M. D. Pennsylvania.

May 20, 1940.

Stanley F. Coar, of Scranton, Pa., for plaintiff.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Joseph H. San, of New York City, for the Government.

WATSON, District Judge.

At the close of all the evidence, the defendant moved for a directed verdict in its favor. This motion was granted, the jury was instructed to render a verdict in favor of the defendant, and a verdict in accordance therewith was rendered and recorded. Thereafter, the plaintiff filed a motion for a new trial, which motion is now before the court for disposition.

From undisputed legal evidence introduced at the trial the facts appeared to be as follows:

On February 18, 1929, one Harry Lotz applied for a policy of government life insurance in the sum of $2,000, and, on September 11, 1930, he applied for a government life insurance policy in the sum of $4,000. Pursuant to these applications two policies were issued; the first effective March 1, 1929, and the second effective October 1, 1930. In each of these policies, the plaintiff was named as the sole beneficiary. The $2,000 policy contained an incontestable clause which provided that the policy should be incontestable except for nonpayment of premiums and certain other conditions not here material. The $4,000 policy provided that it should be incontestable except for fraud or nonpayment of premiums and certain other conditions. The insured, in his applications for insurance, denied having consulted a physician except for an appendectomy in 1926. The insured had consulted a physician on November 17, 1928, and had been hospitalized from November 20, 1928, to December 17, 1928, at a United States Naval Hospital. The insured had also consulted a physician, Dr. H. Wesley Jack, on December 29, 1929,

January 13, 1930, January 14, 1930, and January 15, 1930. The insured died in 1935.

The court directed a verdict for the defendant, for the reason that the deceased in his applications for the life insurance policies denied that he had consulted a physician concerning his health within a specified period previous to the dates of the applications, which denials were false and amounted to fraud on the insurer, who relied upon them in issuing the policies.

The plaintiff contends that, as to the first policy, the incontestable clause bars the defense of fraud and the court erred in directing a verdict as to it. The plaintiff further contends that, as to both policies, there has been no proof of fraud sufficiently definite to warrant taking the case from the jury. There are also some objections to rulings on evidence which are not material at this time.

■ The plaintiff's contention that the $2,000 policy is not contestable on the ground of fraud is clearly without merit. The statute authorizing the issuance of the policy (World War Veterans' Act of 1924, § 307, 43 Stat. 627, 38 U.S.C.A. § 518) provides that "Policies of insurance heretofore or hereafter issued shall be incontestable after the insurance has been in force six months from the date of issuance or reinstatement, except for fraud or nonpayment of premiums and subject to the provisions of section 447 of this title". The $2,000 policy here in suit did not conform to the requirements of the act. In such case, the statute controls and the policy must be so construed as to incorporate the omitted provisions. Raives v. Raives, 2 Cir., 54 F. 2d 267. Therefore, both policies now under consideration are contestable for fraud as well as nonpayment of premiums.

■ The plaintiff devoted much of his argument to the question as to whether the statements in the applications were warranties or representations. This question is immaterial in this case inasmuch as the incontestable clause became operative long before this action matured. Hence, the defendant must prove fraud on the part of the insured to prevent recovery and proof of fraud does not in any way involve a determination of whether or not the statements were warranties or representations. In either event, the defense must show knowledge of the falsity, intent to defraud, and reliance on the false statement.

■ The uncontradicted evidence submitted by the defendant shows that the insured had consulted a physician within a short time prior to the making of each application for insurance. Where the insured states that he has not consulted a physician and such statement is false, fraud is presumed as a matter of law without the necessity of showing reliance upon the part of the insurer or intent to deceive or defraud on the part of the insured. Raives v. Raives, 2 Cir., 54 F.2d 267; United States v. Depew, 10 Cir., 100 F.2d 725; see, also, Guardian Life Insurance Co. v. Clum, 3 Cir., 106 F.2d 592.

Other reasons relied upon by the plaintiff in support of her motion for a new trial are, in the court's opinion, without merit and are not here discussed.

■ Had the jury rendered a verdict for the plaintiff on the evidence, it would have been the duty of the court to set such verdict aside and, under such circumstances, it was the duty of the court at the close of the evidence to direct a verdict for the defendant.

Now, May 20, 1940, plaintiff's motion for a new trial is refused.