### UNITED STATES v. FONTENOT et al.
### No. 178.

District Court, W. D. Louisiana,
Opelousas Division.

June 28, 1940.

Harvey G. Fields, U. S. Atty., and Albert E. Bryson, Ass't U. S. Atty,, both of Shreveport, La., for plaintiff.

O. E. Guillory, of Ville Platte, La., for defendants.

PORTERIE, District Judge.

### Statement of the Case.

The plaintiff seeks judgment against the main defendant, Sidney Fontenot, in the sum of $125, represented by a note, with interest from May 7, 1934, until paid, because the plaintiff loaned the defendant this sum of money in the year 1934 as an emergency crop loan made pursuant to an act of Congress approved February 23, 1934, 48 Stat. 354, and the loan is unpaid today.

Plaintiff further cites into court Childs & Prudhomme Cotton Company, a commercial partnership composed of A. B. Childs and Gilbert Prudhomme, seeking judgment against the partnership, in solido with the main defendant, because the partnership, in the knowledge that the plaintiff, the United States of America, had made a loan to make crops on certain lands described in a crop pledge, the crop pledge being recorded in the mortgage records of the parish wherein the cultivated land is situated, purchased from Sidney Fontenot four bales of cotton produced that year on the lands, for the sum of $279.57; the plaintiff alleging that the said partnership became liable under the law.

A. B. Childs, one of the partners, died before the filing of this suit. Mrs. Ora C. Childs, his surviving widow in community, and his daughter, Miss Wanda Childs, as sole and only heir, were fully and regularly made parties defendant.

The defenses made by the surviving widow in community and the sole heir are (1) the real party in interest as plaintiff is the "Governor, Farm Credit Administration," and is not the United States of America; (2) alternatively, the liability, if any, being one in tort, is barred and extinguished by the lapse of more than one year between the maturity of the note, October 31, 1934, and the death of A. B. Childs, January 25, 1938; Articles 3459, 3528, 3536, Civil Code of Louisiana; (3) under 12 U.S.C.A. § 1020n, Subchapter II-B, Loans To Farmers By Governor Of Farm Credit Administration, (b), it is unlawful for any person to assist another, wilfully, to dispose of or assist in the disposal of any crops upon which there exists a lien securing a loan made under the provisions of this subchapter; and under (d), the misdemeanor is made punishable by a fine of not more than $1,000 or imprisonment of not more than six months, or both—therefore, a suit to recover a penalty or a forfeiture thereunder is lapsed by five years. 28 U.S.C.A. § 791.

Gilbert Prudhomme, cited as a co-defendant and sought to be declared liable solidarily, adopts and makes as his own the defenses of the widow and the sole heir.

### Findings of Fact.

(1) The note, in the amount and under the conditions stipulated in the petition, signed by Sidney Fontenot, was proved; the Federal crop pledge was proved by certified copies from the mortgage records of the parish wherein the land on which the cotton was raised is located.

(2) Payment to Sidney Fontenot by Gilbert Prudhomme and A. B. Childs, as partners, in the amounts alleged in plaintiff's petition and for four bales of cotton with weight given and price stated, was proved.

(3) The total value of the cotton bought by the partnership was $279.57.

(4) The acceptance of the succession of A. B. Childs, by his wife and his daughter, was with benefit of inventory. The certified copy of the proceedings, however, shows the succession to be definitely solvent and that final judgment sending them into possession of all assets was rendered.

### Conclusions of Law.

(1) The Farm Credit Administration is an administrative body of the United States of America; a separate unit of government. 12 U.S.C.A. § 636, and 12 U.S.C.A. Ch. 7, preceding section 636,

Exec. Order 6084. It does not fall in the category of such corporations as the Home Owners Loan Corporation and the Federal Housing Administration which are regularly chartered, issue stock, and have a separate legal existence from the government of the United States. North Dakota-Montana Wheat Growers' Ass'n v. United States, 8 Cir., 66 F.2d 573, 92 A.L.R. 1484. Therefore, suit, as styled here, "United States of America", as plaintiff, is authorized and legal.

(2) The defendant Sidney Fontenot, duly cited, made no appearance. Default having been taken and proof made of the debt in open court, he should be cast in the amount as prayed.

(3) The law applicable as to the import and effect of the recorded crop pledge is that of the state of Louisiana. R.S. § 721 U.S.C.A., Title 28, § 725. Under the general laws of Louisiana relative to pledge and the specific law as to crop and agricultural pledge, the third party, purchasing the crop of the farmer in the face of a duly and properly recorded crop pledge, is bound to the restitution of the crop itself or to the payment for its value. Louisiana Civil Code, Art. 3217, subd. 1; La. Act No. 66 of 1874, as amended by Act No. 93 of 1922; Act No. 51 of 1890 (Dart's Louisiana Stats., Sec. 5058 et seq.); Louisiana Civil Code, Arts. 3274, 3277. "The law does not contemplate that a privilege shall become extinct by the sale of the thing on which it bears." National Bank of Commerce v. Sullivan, 117 La. 163, 41 So. 480, 486.

(4) The liability of a third party purchasing the pledged crop from the farmer is limited to the value of the crop at the time. Since the amount paid for the crop here is substantially in excess of the note due by the farmer to the United States, judgment must be for the amount as prayed.

(5) This suit is one purely civil in nature and is not a criminal action in any manner whatsoever. The plea as to the limitation of action by five years is altogether inapplicable.

(6) The governmental unit of the United States, plaintiff herein, the Farm Credit Administration, is not subject to either state statutes of limitation or to laches. United States v. Thomas et al., 5 Cir., 107 F.2d 765.

(7) The plea of one year, based on Article 3536 of the Civil Code of Louisiana, is not applicable, even if the action herein be for the commission of a tort. United States v. Thomas et al., supra.

(8) The nature of this suit is based upon the civil liability arising under the Civil Code articles, supra, and the Louisiana statutes cited, supra.

(9) Every partnership ends of right by the death of one of the partners. Louisiana Civil Code, Art. 2880.

(10) Commercial partners are liable solidarily for the debts of the partnership. Louisiana Civil Code, Art. 2872.

(11) The surviving widow in community and the sole heir of legal age are liable solidarily for this unpaid debt of the succession. Louisiana Civil Code, Articles 946, 947, 1013, 1056.

From the statement of the case, findings of fact thereunder, and the conclusions of law hereinabove made, judgment must be for the plaintiff and against all four defendants, in solido.