## UNITED STATES v. ROUNTREE.

### No. 10895.

Circuit Court of Appeals, Fifth Circuit.

April 26, 1944.

Keith L. Seegmiller, Atty., Department of Justice, of Washington, D. C., Malcolm E. Lafargue, U. S. Atty., of Shreveport, La., and Roy J. Goss, Atty., Department of Justice, of Jackson, Miss., for appellant.

B. B. McClendon and Henry Edmonds, both of Jackson, Miss., for appellee.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Appellee, claiming total and permanent disability, recovered a judgment under his converted war risk insurance. He claimed that he had been totally and permanently disabled from January 28, 1935, from heart disease, asthma, and other afflictions. The policies of the plaintiff had lapsed and had been reinstated on numerous occasions, the last being on April 16, 1928. Another date of reinstatement was September 12, 1922. The Government alleges that these reinstatements were each fraudulently obtained for the reason that the defendant had falsely stated in his applications for reinstatement that he had never been treated for any disease of the throat, lungs, or heart.

In 1933, and again in 1935, plaintiff applied for a pension for disability claimed to have resulted from his service in the Navy between January 8, 1918, and July 1, 1919, in which applications he undertook to show that he had asthma and heart trouble while still in the service. In 1935 his disability was acknowledged by the Veterans' Administration and he began drawing a pension of $100 per month. We are confronted with the paradoxical situation of the assertion in 1928 of the soundness of the appellee and of no trouble of the heart and lungs on the one hand, and on the other hand the assertion in his application for pension in 1933 and 1935 that he had had heart trouble and asthma since he was in the service. Attempting to explain these contradictions the appellee says that he did not know in 1922 and in 1928, nor until after the Veterans' Administration recognized and diagnosed his ailment properly in 1935, that he had been suffering in the years past with asthma and heart trouble, and that after he obtained this information from the Veterans' Administration in 1935 and viewed in retrospect his condition and symptoms, as well as the long-prior pronouncements of various doctors, he then realized that he had had these troubles all the time. Insisting in the court below and here that his answers to the questions in his application for reinstatement were in good faith and in accordance with the best of his knowledge and belief, he urges upon us that recovery should not be denied merely because his answers, made in ignorance of his true condition, were, from a pathological standpoint, untrue.

The jury below did not believe that his answers were fraudulent and untrue. It was the trier of the facts and we cannot say that there is no substantial evidence to support the verdict. The issue was chiefly one of good faith as to whether the answers were true to the best of the appellee's knowledge and belief. The answers were not warranties. The factual issue was fairly submitted to the jury, which, after hearing the testimony of plaintiff and all witnesses, concluded that the plaintiff did not know or believe on the dates of the reinstatements in question that he had ever been treated for any diseases of the throat, heart, or lungs, and that his statements to the contrary were made retrospectively and in view of the diagnoses in 1935.

To the unprejudiced non-medical layman it is difficult to perceive how one could suffer with either heart trouble or asthma over such a long period of time and not recognize it. Particularly is this difficult

in view of his letter of July 28, 1924, when he wrote Dr. Elliott that he had not suffered from the "asthmatic attack" since returning from New Orleans. He says however, that Dr. Elliott advised him to have his tonsils taken out, and that after he had done so no further attacks had been experienced. He then attributed his affliction to bad tonsils rather than to asthma.

Be that as it may, it was the function of the jury to make the decision, and we will not say that the verdict is unsupported by the evidence. The judgment of the lower court is affirmed.