## JAMES v. UNITED STATES.
### Civ. No. 140.

United States District Court
W. D. North Carolina, Statesville Division.
March 30, 1950.

---

Woodhouse & Ward, Statesville, N. C., for plaintiff.

T. A. Uzzell, Jr., United States Attorney, Asheville, N. C., J. B. Craven, Jr., Assistant United States Attorney, Morganton, N. C., for defendant.

WARLICK, District Judge.

This action was instituted by the plaintiff as against the defendant to recover under the terms of a policy of life insurance on the life of Clara Fine James, in which policy the plaintiff was named as the principal beneficiary,—and came on for hearing and was heard upon the facts without a jury. From the hearing the court finds the following facts and makes the conclusions of law set out herein:

1. That the plaintiff, Coy William James, is a citizen of North Carolina and resides in Iredell County and was named as principal beneficiary in that said National Service Life Insurance policy No. N-12 505 287, issued on the life of Clara Fine James, deceased, wife of the plaintiff.

2. That Clara Fine enlisted in the United States Navy on March 29, 1943, and during her enlistment and more specifically on July 30, 1943, applied for and was granted the National Service Life Insurance certificate set out above in the sum of $10,-000.00.

3. That during the period of her enlistment the said Clara Fine became pregnant and on May 24, 1946 was discharged from the United States Navy as a result of her being five to six months in pregnancy and that from the evidence upon her discharge at the above time was in reasonably good health consistent with five to six months pregnancy, since the medical examiner at the time of her discharge made the following entry to the question as to whether the insured was fit to perform active duty, "No, due to pregnancy."

4. That the premiums on the National Service Life Insurance policy were paid by deductions from the pay of the insured, Clara Fine, during her active service in

the Navy, and following her discharge no payments were made and the policy lapsed for the non-payment of premiums on July 1, 1946.

5. That following her discharge and at sometime prior to the 10th of June, 1947, said Clara Fine married the plaintiff, Coy William James, and on the said 10th day of June 1947 the said Clara Fine James made application to the Veterans' Service Officer in Iredell County, North Carolina where she was then residing with her husband, for reinstatement of her lapsed policy of insurance and named on her application her husband, Coy William James, as the principal beneficiary, attaching her check in the sum of $16.60 for two months premiums as was required, and thereafter and up until the time of her death on December 18, 1947, sent payments of $8.30 each month to the Veterans' Administration.

6. That the application for reinstatement as required by the government, contained a series of questions numbered consecutively and in answer to the question as to whether the applicant, Clara Fine James, was in as good health at the date of the application (June 10, 1947), as she was on the date of the lapse of the policy (July 1, 1946), inserted the answer, "Yes"; that said application blank contained other and additional questions, one being whether or not the applicant had been subsequent to the lapse of the policy, sick or under the care of a physician, or hospitalized, etc., and that the said Clara Fine James failed to make any answer to this question on the application blank, but elected to leave the question unanswered.

7. That on the 10th of June 1947 the date of application for reinstatement of the lapsed policy, the said Clara Fine James, in truth and in fact was not in as good health as she was on July 1, 1946, when the policy of insurance had lapsed for non-payment of premiums and actually on said date of June 10, 1947 the said Clara Fine James was totally and permanently disabled by reason of granulosa cell carcinoma, a disability that is commonly known as cancer.

8. That on June 13, 1946 in Norfolk, Virginia, the deceased, Clara Fine James, was examined with respect to her pregnant condition by Doctor J. R. Kight and her condition thoroughly diagnosed and that such operation as was had was consistent with her condition and was successful, resulting in the delivery, though dead, of the child with which she was pregnant. That later on November 9, 1946, months after the lapse of the policy herein, the said insured was again examined by Dr. Kight at the hospital in Norfolk and no unusual circumstances or conditions were noted or found. That on April 1, 1947, and thereafter at Davis Hospital in Statesville, North Carolina, on an operation more specifically performed on April 9, 1947, large amounts of tissue were removed from the abdomen of Clara Fine James and this was diagnosed as granulosa cell carcinoma (cancer).

9. That on June 11, 1947 and just one day after the date of application for reinstatement of the National Service Life Insurance certificate, Dr. Forest C. Meade at Davis Hospital, Statesville, North Carolina, at the instance of the insured and following an examination of her, addressed a letter to the Veterans' Administration, describing the cancer of which the said Clara Fine James then suffered, and that said letter as written by Dr. Meade and dated June 11, 1947, was attached to and accompanied the application then made by the said Clara Fine James for disability compensation, which said application was duly submitted to the Veterans' Administration at Statesville on June 25, 1947, at a time fifteen days distant from the date of application for reinstatement of the policy of insurance.

10. That following the application for disability compensation and the accompanying data assembled by the Veterans' Service Officer of Statesville, the whole thereof was on July 2, 1947, mailed to and was received by the Veterans' Administration on July 7, 1947; that subsequently and on the evidence submitted, the Veterans' Administration found that Clara Fine James was 100% disabled and being such was entitled to 100% disability payments from

and after July 7, 1947, the date the application was actually received by the Veterans' Administration.

11. That during the spring and summer of 1947 and for some time prior thereto the Veterans' Administration was engaged in a concerted effort to get many lapsed policies of insurance held by ex-service men and women reinstated and due to the success of its efforts was overwhelmed with applications for reinstatement, and was considerably behind in the work of checking them through its records. That during the fall of 1947 said Clara Fine James requested the Veterans' Administration to transfer her file from the Richmond Branch Office to the Boston Branch Office and that the transfer of said file as requested by the insured caused considerable delay in the normal course of handling her application for reinstatement of her National Service Life Insurance Policy.

12. That the failure of Clara Fine James on June 10, 1947 when she made application for reinstatement of her National Service Life Insurance Policy, intentionally or otherwise, to answer the question contained in the application blank for reinstatement, as to whether or not she had been sick or under the care of a physician since the lapse of her policy constituted a failure on her part to comply with a reasonable requirement of the Veterans' Administration, properly made and requested, to enable it to then determine whether or not she constituted an insurable risk, and that her failure to answer the question asked of her in her application for reinstatement constituted a withholding on her part of evidence that the Veterans' Administration would have been entitled to have from her.

13. That Clara Fine James died on December 18, 1947, from an incurable disease of cancer.

14. That Clara Fine James, from and after the effective date of July 7, 1947, as found by the Veterans' Administration, continued to and did receive up until the time of her death, disability payments of 100%.

15. That on January 6, 1948, Coy William James, plaintiff herein and principal beneficiary under the National Service Life Insurance policy set out herein, filed claim with the Veterans' Administration for the proceeds of said policy and enclosed with his claim a certificate of the death of the insured, Clara Fine James.

16. That upon the receipt of certificate of death and proof of claim as filed, the Veterans' Administration caused to be made a minute and detailed examination of the entire file with respect to said policy of insurance, including all of the medical reports and other evidences submitted by her, and also the evidences submitted in the matter of her application for disability compensation, and thereupon those in authority from such careful study reached the decision that Clara Fine James had failed to furnish the necessary evidence which would satisfy the administrator that she was in as good health on the day of her application for reinstatement of her policy of National Service Life Insurance on June 10, 1947, as she was on the date that she permitted it to lapse on July 1, 1946, through her failure to pay the premiums, and further for the reason that she failed to answer the question relating to her condition as of the time of her application, and finally that she was in fact totally and permanently disabled on the date of her application for reinstatement on June 10, 1947.

17. That the act and deed of the said Clara Fine James in failing to answer the question asked of her in making her application for reinstatement amounted to a withholding of the true facts from the defendant and whether intentionally done as an act of commission or unconsciously done as an act of omission, amounted to a failure on her part to give that necessary information to which the government was entitled and only under which could it enter into a contractual relation with the applicant, and the withholding thereof by the said Clara Fine James was such an act and deed as would abrogate any effort on her part to reinstate the policy and did not in any sense estop the government from showing the truth of the matter, that is to

say, reject the policy upon such action being made known to it.

■ 18. That the monthly payments of $8.30 paid by the said Clara Fine James at the time of the application and continuing up until the time of her death under such facts, did not amount to an acceptance on the part of the government, ignorant of the true facts, and the said amounts paid by her were in fact entered and held in a suspense account on her premium payment card, and being so held the estate of Clara Fine James is entitled to have said money returned to it.

■ 19. That the findings made by the Administrator of Veterans' affairs on the evidence presented and to the effect that Clara Fine James was totally and permanently disabled on June 10, 1947, all supported by the evidence submitted, are reasonable and are wholly within the jurisdiction of the said administrator and are pursuant to law.

■ 20. That the determination of the Veterans' Administration rejecting the application for reinstatement of the policy of insurance of the said Clara Fine James was in fact based upon findings of fact which were supported by competent evidence and such determination was in a reasonable exercise of the authority of the administrator and is not either arbitrary or capricious but in truth and fact was in accordance with the evidence as it was made to appear to the administrator and was found in full accordance with the regulations and law under which he is authorized to act.

■ 21. That said Clara Fine James on the 10th day of June 1947, was not a physically fit person to have reinstated a policy of insurance which had previously lapsed within the intent of the acts requiring such authority and that on the date of her application she not only was not fit but was totally and permanently disabled and that from such total and permanent disability died in the course of approximately six months thereafter.

Upon the foregoing Findings of Fact the Court concludes as a matter of law;

1. That the court has jurisdiction of all parties and of the subject matter of the action.

■ 2. That the National Service Life Insurance policy of Clara Fine James lapsed on July 1, 1946 and was not reinstated on June 10, 1947, and that said policy of insurance was not in full force and effect on the date of the death of Clara Fine James on December 18, 1947, and the said Coy William James, husband of Clara Fine James and the purported beneficiary of said Clara Fine James, is not entitled to recover anything on said claimed policy of insurance against the defendant, the United States of America.

3. That the representative of the estate of Clara Fine James is to have and recover of the United States the amount of premiums paid by the said Clara Fine James, beginning June 10, 1947 and until her death, totalling approximately $66.40, which premiums were entered in a suspense account and which authority of repayment has been given by the Veterans' Administration.

Judgment accordingly.