### CRAWFORD v. UNITED STATES.
#### No. 287.

Circuit Court of Appeals, Second Circuit.
April 7, 1930.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., A. S. Thompson, Regional Atty., U. S. Veterans' Bureau, of Buffalo, N. Y., and B. L. Guffy, Gen. Counsel's Office, U. S. Veterans' Bureau, of Washington, D. C., of counsel), for the United States.

Daniel J. O'Mara, of Rochester, N. Y., for respondent.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellee's husband, Fred R. Crawford, during the World War, was granted a war risk term insurance for $5,000 by the appellant. The premium was paid monthly up to the month of his discharge from the army. He then discontinued payments, and the contract of insurance lapsed. On March 23, 1927, he made application for reinstatement and conversion into a United States government life insurance policy. At this

200

time he was physically examined, and the insured was accepted as a risk.

The court found that, after the war risk term insurance contract lapsed, and on March 23, 1927, the insured applied, through the Veterans' Bureau, for reinstatement of his contract of insurance, stating in his application that he desired his reinstatement to be effective as of the 1st day of the month in which requirements had been complied with. On that day he asked to have the contract converted to a five-year convertible term government life insurance policy. On July 21, 1927, he was notified, through the United States Veterans' Bureau, that the insurance had been reinstated and issued in the form of a five-year convertible term insurance policy, subject to a lien of $422.97 against the face value thereof, which was the unpaid premiums due, and the policy was effective as of June 1, 1927. The appellee was designated as the beneficiary. Crawford died November 22, 1927. On January 26, 1928, the appellant, through the United States Veterans' Bureau, rerated and found that Crawford was permanently and totally disabled on March 23, 1923, and thereafter to the date of his death; and on that day the Bureau canceled the reinstatement and conversion of the insurance and notified the appellee of this fact and refused to pay her any sum on account of the policy.

Section 307 of the World War Veterans' Act (43 Stat. 627 [38 USCA § 518]) provides that "all such policies of insurance heretofore or hereafter issued shall be incontestable after the insurance has been in force six months from the date of issuance or reinstatement, except for fraud or nonpayment of premiums and subject to the provisions of section 23."

█ The period of time elapsing between the issuance of the policy and the date of the death of Crawford was eight days short of six months. The policy therefore could not have been in force six months, because his death stopped the running of the period. Jordan v. United States (C. C. A.) 36 F.(2d) 43. The statute left the policy open for contest during the period of six months, for the reasons which make it contestable under its terms, and the United States Veterans' Bureau claimed the right to review the record of the insured upon whom the policy was reinstated after his death and make such a rating as was justified by the record. This it did.

█ This suit is maintained under section 19 of the Act of 1924, as amended by the Act of 1925 (38 USCA § 445). Unless the rerating is wholly without evidential support or wholly dependent upon questions of law or clearly arbitrary or capricious, the decision of the Director, under the power granted to him in section 2 of the Act of Aug. 9, 1921 (42 Stat. 148) is conclusive and binding as to the facts. Silberschein v. United States, 266 U. S. 221, 45 S. Ct. 69, 69 L. Ed. 256; United States v. Meadows (C. C. A.) 32 F. (2d) 440. The sufficiency of the rating made by the Bureau is not in issue, and it is not claimed that the rating was arbitrary or within the exceptions suggested in the Silberschein Case, supra.

█ It is claimed, however, that rerating could not be made after Crawford's death. The purpose of section 307 of the act (38 USCA § 518), which makes the policy incontestable after six months from the date of issuance, was to give the insurer sufficient time within which to further investigate its own ratings and determine whether they were correct and for the benefit of the insured after the six months had elapsed. But, since the period had not elapsed at the death of the insured and ceased to operate on that date against the government in limitation, the Jordan Case, supra, is authority for the position of the government that it had the right to review the case, even after six months, and after Crawford's death and then make a rating according to the facts as found by the Director of the Bureau. When the government devised its plan and put into effect the war risk insurance, it did not enter into business for commercial purposes and pecuniary gain. It is not in the same relation of insurer and insured, as insurance corporations are, for their contractual obligations are different. Appellant is held only to the extent that it expressly consents to be held upon its insurance risk. A government officer may not waive or set aside provisions of the statute or bind the government by waiver, expressed or implied. Jackson v. United States (D. C.) 24 F.(2d) 981.

The right to contest within the six months is provided for by statute. Death suspended the running of the time. The Director of the Bureau within a reasonable time rerated the deceased and found that he had been permanently and totally disabled at the time he converted his insurance and continued so until the time of his death. And it would be unjust to hold that the appellant could not rerate or contest under these circumstances.

Decree reversed.