**UNITED STATES v. ELLIOTT.** *
No. 7460.

Circuit Court of Appeals, Fifth Circuit.
Nov. 10, 1934.

Alexander C. Birch, U. S. Atty., of Mobile, Ala.

*Rehearing denied Dec. 21, 1934.

Geo. Pegram, of Linden, Ala., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellee's suit, on a war risk term policy on which the premiums had been duly paid, was contested on the sole ground of fraud in its procurement. The request of appellant at the close of the evidence for an instructed verdict was denied. The jury found for plaintiff. We are urged to reverse on the undisputed evidence.

On May 18, 1929, Leonard L. Sturdivant applied for a policy of government life insurance to be issued effective June 1. On May 18 and again on May 30 he was medically examined by Dr. Trice, who passed him on both examinations. The policy was finally approved June 12th or 18th, the record is unclear as to the date, and sent to Sturdivant. At least before the last examination for the issuance of the policy was had and many days before it was issued, the assured was examined by two physicians, was found to be in and was treated for a very serious condition. Dr. Hart testified that the assured came to him in the last part of May or the first part of June, a very sick man, pretty well prostrated with a high temperature. "I sent him to the laboratory for tests for typhoid fever, and about June 1st I referred him to Dr. Jackson. I did not see him any more." According to Dr. Jackson he treated Sturdivant for ten months beginning the first of June. For ten days he treated for typhoid fever, and then deciding he did not have it, he changed the treatment. "When I first treated him on June 1, 1929 he was a very sick man with a serious ailment, and in my opinion he had had this ailment for some time, more than three days before. I treated him about ten days and found he had something else beside typhoid. In my best judgment I found he had tuberculosis." Dr. Hale testified that he examined Sturdivant August 26, 1929 and found him tubercular. On March 5, 1930 Sturdivant, declaring that his disability had commenced June 1st, the effective date of the policy, applied for a settlement on it as for permanent and total disability. In May he filed another application, making the same claim.

Appellee, relying on the finding of Dr. Trice and her own testimony that in her opinion when her husband applied for life insurance he was in good health, and an entire absence of direct proof of intentional fraud on the part of Sturdivant and Trice, argues that here was a jury case. She argues that though the testimony of Drs. Hart and Jackson was not directly contradicted, it was contradicted by Trice's findings and her own testimony as to her husband's good health, that fraud is never presumed but must be proven, and that it cannot be said that it has been proven here. She argues that the declarations in his application for insurance that assured had not been ill, contracted any disease, or consulted a physician were not fraudulent, because in support of the jury's verdict it must be taken that the physicians were consulted after the examinations had been made. She argues, too, that as regards fraud in his receiving the policy knowing that the state of his health was such that he was not insurable, this too is an issue of fact and, in the absence of evidence that he had been informed and knew of the condition of his health before the policy was issued, it could not be said that there was fraud.

No complaint is made of the charge except as to its failure to instruct a verdict, and unless the proof establishes fraud as a matter of law, the verdict must of course stand.

We think it does establish this. The evidence of the physicians as to decedent's condition is uncontradicted; but more than that, his own applications making claim for permanent and total disability twice state that this began on June 1, some days after he had been examined and tested under the direction of Dr. Hart and the very day Jackson commenced treating him for typhoid fever, the very day, too, which he had fixed for making his policy effective. While neither of the doctors testified that they told Sturdivant of his condition, and there is no direct proof of fraud, the circumstances, taken in connection with his own claim that his disability began on June 1st, leave no room for doubt that for fraud the policy may not be recovered on.

The duty of one applying for insurance to in good faith fully and fairly disclose matters concerning his health, which he knows, is absolute, and where it plainly appears, as here, that at the very time he was being examined, and long before he was accepted and the policy received, he was affected with, and being treated for symptoms of, a serious illness, recovery may not be had upon the policy. Stipcich v. Metropolitan Life Ins. Co., 277 U. S. 311, 48 S. Ct. 512, 72 L. Ed. 895; Equitable Life Assur. Soc. v. Schwartz (C. C. A.) 42 F.(2d) 646.

The judgment is reversed.