**UNITED STATES v. ROBINS et al.**

**No. 9651.**

Circuit Court of Appeals, Fifth Circuit. .

Jan. 17, 1941.

John A. Sykes, Atty., Dept. of Justice, of Aberdeen, Miss., and Young M. Smith, Atty., Dept. of Justice, of Washington, D. C., for appellant.

Thomas Fite Paine, of Aberdeen, Miss., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

John Quitman Robins, Jr., enlisted in the United States Navy on December 17, 1917, and on February 20, 1918, was issued a $10,000 policy of war risk insurance. The policy lapsed in 1924, but on application was reinstated and converted into a five

year convertible term policy effective July 1, 1927. Premiums on the converted policy were paid through July 31, 1928. Claim for disability benefits was filed with the Veterans Administration on January 9, 1931, and was denied by the Insurance Claims Council on October 29, 1931. Robins died on May 19, 1931, as the result of active pulmonary tuberculosis.

Mrs. Elizabeth Higgs Robins filed suit to recover total permanent disability and death benefits under the policy. In the declaration she alleged that Robins became totally and permanently disabled as the result of chronic active pulmonary tuberculosis on or about April 1, 1928, while the converted policy was in force and effect, and that due to Robins' disability the policy matured and remained in force and effect without further payment of premiums. The government filed its answer and denied that Robins had become totally and permanently disabled while the policy was in effect, and further set up the defense that the reinstatement and conversion of the policy had been procured by fraud. The case was tried to a jury which found the issues in favor of the plaintiff and fixed the date of Robins' total permanent disability as May 31, 1928. Judgment was entered awarding to the plaintiff accrued monthly installments of insurance from May 31, 1928, and the government appealed.

On appeal the government makes no contest of the finding of the jury that Robins was totally and permanently disabled while the policy was in force and effect.

The record of Robins' naval service shows that he had syphilis prior to his enlistment and that he was given treatment for this disease in 1918. There is also evidence that he was treated for pleurisy in 1920 and 1925. The government contends that Robins committed fraud when he represented in his application for reinstatement that he had never had syphilis and had not been treated for any disease of lungs, and that the evidence compels an inference that he knew of the falsity of the representations at the time he made them.

■ There is no evidence in the record which would compel a finding that Robins wilfully misstated the facts with the intent to defraud when he answered the questions in the application for reinstatement of his insurance. On the question of fraud the evidence, at most, made an issue for the jury. The case was fully and fairly heard

on the questions of total permanent disability and fraud. The jury found the issues in favor of the plaintiff and its verdict will not be overturned. Bailey v. United States, 5 Cir., 92 F.2d 456; cf. Jones v. United States, 5 Cir., 106 F.2d 888; United States v. Depew, 10 Cir., 100 F.2d 725.

Under the terms of the policy contract total permanent disability benefits "may relate back to a date not exceeding six months prior to the receipt of due proof of said total permanent disability." It was error to award disability benefit payments from May 31, 1928, the date of total permanent disability found by the jury. This point was not made in the lower court and in view of the stipulation in the record that claim was filed with the Veterans Administration on January 9, 1931, the cause will not be sent back for a trial on this issue. The judgment will be corrected so that monthly benefit payments will be awarded beginning six months prior to January 9, 1931, instead of from May 31, 1928. Cf. United States v. Meyer, 3 Cir., 76 F.2d 354; United States v. Calvey, 3 Cir., 110 F.2d 327.

The judgment as modified is affirmed.