## McDANIEL v. UNITED STATES.
### No. 13877.

United States Court of Appeals
Fifth Circuit.

April 29, 1952.

H. G. Rawls, Albany, Ga., Frank S. Twitty, Camilla, Ga., for appellant.

James H. Fort, Asst. U. S. Atty., Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Brought by the mother of the deceased veteran as named beneficiary, the suit, with a jury trial demanded, was on a National Life Insurance certificate.

The claim was that the certificate had been issued to the veteran effective April 1, 1943, while he was on active duty, and that from the date of its issuance to the date of the insured's death, Feb. 22, 1950, it had been kept in force by the payment of premiums thereon.

The defense was: that the insurance had twice lapsed for non-payment of premiums, first on April 1, 1946, and again on May 1, 1948; that it had been twice reinstated on the applications of the insured, the first dated April 1, 1948, the second July 29, 1948; that, in each application, in answer to question 8, the insured had stated

that he was then in as good health as he was on the due date of the first premium in default, and, in answer to question 9, he had stated that he had not been ill or consulted a doctor since the lapse of the insurance; that the answers to both of said questions constitute false representations made, (1) in reference to a material fact, (2) with knowledge of its falsity, and (3) with deceiving intent to induce action thereon; and that action, to-wit, the reinstatement of the policy, had in each instance been taken in reliance upon the representations.

Thereafter, an agreed stipulation as to the facts having been entered into, both plaintiff and defendant, though a jury trial had been demanded, moved for summary judgment. The District Judge, reciting therein that it was entered "on the basis of the pleadings, a joint stipulation of facts filed, and the Honorable Discharge of the insured, offered in evidence by defendant", entered judgment on the motions, in favor of the defendant and against plaintiff.

Appealing from the judgment, plaintiff is here insisting that it was wrong and must be reversed because (1) the record does not show as matter of law that there was wilful fraud, but, on the contrary, shows that there was not, and summary judgment should have gone in favor of, instead of against, plaintiff; and (2) that if this is not so, the stipulated facts required the submission to, and determination by, the jury of the tendered defense, that the reinstatements were procured by fraud.

Conceding that the answers did not fully and correctly state the facts as they existed, appellant insists that they were not wilfully and fraudulently made with intent to deceive so as to prevent reinstatement. Point-

ing out that the answer to question eight called for an opinion, appellant urges that the record fails to show as matter of law that the opinion was not honestly entertained. As to the answer to question nine, appellant insists that this could not be considered as wilfully made with the intent to deceive as matter of law, for the reason: that, in answer to question ten, "Have you ever applied for disability retirement pay, pension, or waiver of insurance premiums?" the decedent answered, "Yes C–12 904 725.", and that file disclosed the insured's true condition at and after the default and that his answers to question eight and nine were not true. In support of this position, she invokes Bailey v. U. S., 5 Cir., 92 F.2d 456; U. S. v. Robins, 5 Cir., 117 F.2d 145; and Cardwell v. U. S., 5 Cir., 186 F.2d 382.

Finally, she invokes, not, however, as binding on the court, the opinion in U. S. v. Kelley, 9 Cir., 136 F.2d 823, and the opinion based thereon rendered to the Administrator by Odum, Solicitor of the Veterans Administration, in In Re: Vondrak, FN–3,725,123 N–12,192,524, to the effect that: where application for reinstatement of N. S.L.I. in which veteran furnished C-number for disability claim, has been processed and approved and it is subsequently established that veteran misrepresented condition of his health by making untruthful answers to pertinent questions, the Veterans Administration is estopped from holding reinstatment was procured by fraud because true facts were of record in insurance folder.

The United States, planting itself firmly on Pence v. United States, 316 U.S. 332, 62 S.Ct. 1080, 1083, 86 L.Ed. 1510, insists that the undisputed facts [1] establish, as

1. These are:
When the insurance lapsed on April 1, 1946, there was no indication of Hodgkins disease. However, subsequent to lapse and prior to the first application for reinstatement submitted exactly two years later, the following events affirmatively appear. The insured made several visits to Dr. J. R. Paulk in October 1946 for throat and gland trouble, and that doctor made X-rays and recommended an operation. In Nov., 1946, the insured

began visiting Drs. McGinney and Stewart who then advised him that his gland trouble would reoccur. In Jan., 1947, he again consulted Drs. McGinney and Stewart for examination and treatment. X-ray treatments were given and examination disclosed palpable gland in the cervical region at the site of original gland enlargement. On Jan. 10, 1947, a needle puncture biopsy was performed and a diagnosis of "Probable Hodgkins disease" was made. Further X-ray therapy was

matter of law, " * * * (1) a false representation (2) in reference to a material fact (3) made with knowledge of its falsity (4) and with the intent to deceive (5) with action taken in reliance upon the representation."

As to the Cardwell case, supra [186 F. 2d 385], so strongly relied on by appellant, the United States calls our attention to the many points of difference between that case and this. These are: that Cardwell was "a carpenter who not only did not know that he had a serious disease but on the contrary had been advised by his physicians that his trouble was imaginary and that there was nothing physically wrong with him"; while the decedent here was a college graduate and a lawyer who in the Air Force was Legal and Personnel Affairs Officer, and in civilian life Personnel Manager for Government agencies, and who, though not told that he had Hodgkins disease, knew from what the doctors told him and the treatments he received that he was seriously disabled and on that basis had applied for and received a seventy percent disability compensation rating.

Upon appellant's second point, that, because in answer to question No. 10, the insured referred to his application for disability compensation, the United States is estopped to claim that his untrue answers to questions eight and nine were fraudulently made, the United States cites, to the contrary, Jones v. United States, 5 Cir., 106 F.2d 888, and Halverson v. United States, 7 Cir., 121 F.2d 420, and the Veterans Administration Regulation 3424 (38 C.F.R.1946 Supp. Sec. 10.3424) in effect that, "Applicant's own statement of comparative health may be accepted as proof of insurability for the purpose of reinstatement under Sec. 10.3423(a), but whenever deemed necessary in any such case by the Administrator of Veterans' Affairs report of physical examination may be required."

To appellant's citation of the opinion of Odum Solicitor of the Veterans Administration, appellee opposes the letter of the Executive Assistant Administrator,[2] refus-

given. The insured was examined by Dr. McGinney on Feb. 25, 1947, and noticeable swelling of the neck was found. Insured's glandular enlargement reoccurred in Sept., 1947, as he had been advised it would.

Between the lapse of his insurance on May 1, 1948, and the insured's second application for reinstatement on July 29, 1948, report of examination made by Dr. Cochran on June 4, 1948, showed secondary anemia. Further, the insured was advised on July 2, 1948, that he had been rated seventy per cent disabled for adenopathy, right submaxiliary region, with secondary anemia, which rating was for disability compensation purposes.

2. This letter reads:

"Oct. 26, 1948

"Mr. J. M. Slaton, Jr.,
   Deputy Administrator,
     Veterans Administration Branch
       Office No. 5,
         Atlanta 3, Georgia.

"Dear Mr. Slaton:

"Reference is made to decisions rendered in the cases of Frank F. Short, C–7 488 629, N–3 291 355, and John Frank Vondrak, FN–3 725 123 N–12 192 524, in which it was held that the Veterans Ad-

ministration is estopped from contesting insurance for fraud where, subsequent to processing the application for insurance, it is discovered that the applicant misrepresented the facts regarding his health, but furnished C-number for his disability claim and the claim folder reflected the true facts of his health at the time the application for insurance was submitted.

"This question has received further consideration and it has been determined that the foregoing decisions will not be followed as precedents.

"In handling fraud cases in the future where the applicant in his application for insurance or for reinstatement thereof made a false statement of a material fact regarding his health with knowledge of its falsity and with intent to deceive, and the Veterans Administration, without referring to the claim folder, relied upon such statement in granting the insurance, necessary action to cancel the insurance will be taken immediately upon discovery of the fraud.

Sincerely yours,
O. W. Clark,
     Executive Assistant
          Administrator."

ing to follow it, and to paragraph eleven of the stipulation.[3]

Finally, opposing appellant's position that because the United States received and retained premiums on the certificate from the date of its last reinstatement in 1948 until his death in 1950, and has not tendered them back, it must be deemed to have waived the misrepresentations which induced it, appellee, citing many cases,[4] insists that this is not a correct statement of the law.

In agreement throughout with the positions taken by appellee, we think it entirely clear that no amount of casuistry short of that which would make black seem white, the false true, can explain away or justify the false answers the insured deliberately gave twice in almost as few months.

■ We think it equally plain that it cannot be justly held that an insured who has been asked clear and simple questions, upon the understanding that his answers may be accepted as true, without further inquiry, may avoid the consequences of having answered falsely by the claim, that the United States, by consulting the disability files could have found out that what he put forward as true was in fact false, and, therefore, may not complain that it was tricked into reinstating the certificate.

■ As this court has said, "It is elementary that one who is guilty of fraud cannot urge estoppel [or waiver] against the other party to the contract for the purpose of making his fraud effective", New York Life Ins. Co. v. Odum, 5 Cir., 93 F.2d 641, 644. Especially may he not do this here where it is not claimed that those responsible for reinstating the certificate actually knew that the answers given were false, but only that, if they had followed up the reference in Sec. 10 to the C-number of the disability application they would have found by inquiry that they were.

■ As appellee correctly says in its brief,[5] estoppel may not be applied against

---

3. Par. 11 reads:

For its own convenience, the Veterans Administration on July 10th, 1947, issued TB-9-35 in paragraph 9, of which the *pertinent part reads:*

"In any case where 'Application for Reinstatement' (non-medical) (VA Form 9-353a) is received and the applicant answered 'Yes' to the question, 'Are you now in as good health as you were on the due date of the first premium in default,' and 'No' to the question 'Have you been ill, or suffered or contracted any disease, injury, or infirmity, or been prevented by reason thereof from attending your usual occupation, or consulted a physician, surgeon, or other practitioner for medical advice or treatment at home, hospital, or elsewhere in regard to your health, since lapse of this insurance', and it is indicated in the application that he has applied for disability compensation, retirement pay, pension, or waiver of premiums, or has otherwise been assigned a C-number, it would not be necessary to requisition the Claims folder. Such applications will be forwarded to the Accounts Unit, Underwriting and Insurance Accounts Division, and if all other requirements incident to the reinstatement are met, the application will be approved by the premium review clerk in accordance with existing procedure."

It was not the practice of the Veterans Administration to consult the claim file and even though the applicant stated he had applied for compensation or pension to ignore such fact.

4. Ray v. United States, 7 Cir., 121 F.2d 416; United States v. Norton, 5 Cir., 77 F.2d 731; James v. United States, 4 Cir., 185 F.2d 115, 22 A.L.R.2d 830. Cf. U. S. v. Cushman, 9 Cir., 136 F.2d 815; 148 A.L.R. p. 1381.

5. "In providing insurance to servicemen, the Government was not seeking to enter business and to make money but rather acted in its sovereign capacity. No profit was contemplated from the administration of the National Service Life Insurance Act, and it was provided therein that the gains and savings should be returned to the policyholders in the form of dividends. 38 U.S.C.A. § 802(f). See also United States v. Zazove, 334 U.S. 602, 616, and footnote 23 [68 S.Ct. 1284, 92 L.Ed. 1601]. Accordingly, the Government is not bound by the same principles which bind commercial insurance companies. White v. United States, 270 U.S. 175 [46 S.Ct. 274, 70 L.Ed. 530]; Birmingham v. United States, 8 Cir., 4 F.2d 508; United States v. Lyke, 9 Cir., 19 F.2d 876; Crawford v. United States, 2 Cir., 40 F.2d 199; Coleman v. United States, 6 Cir., 100 F.2d 903; Bean v. United States, D.C.Kan., 7 F.2d 393; Sternfeld v. United States, D.C.N.Y., 32 F.2d 789. The White deci-

the United States when acting in its sovereign capacity in administering the National Service Life Insurance Program. Wilber National Bank of Oneonta, N. Y. v. U. S., 294 U.S. 120, 55 S.Ct. 362, 79 L.Ed. 798; Niewiadomski v. U. S., 6 Cir., 159 F.2d 683; United States v. Fitch, 10 Cir., 185 F.2d 471; James v. United States, 4 Cir., 185 F.2d 115, 22 A.L.R.2d 830; and United States v. Thomas, 5 Cir., 107 F.2d 765.

It was not error to enter the judgment appealed from. It is affirmed.

sion and the case of Wilber National Bank v. United States, 2 Cir., 69 F.2d 526, on this proposition are cited with approval by this court in United States v. Thomas, 5 Cir., 107 F.2d 765."