Agrapine M. COLLINS, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 5409.

United States District Court
E. D. Wisconsin.
April 22, 1957.

Michael D. Preston, Milwaukee, Wis., for plaintiff.

Edward G. Minor, U. S. Atty., and Howard W. Hilgendorf, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This action was brought on a National Service Life Insurance Policy. The plaintiff was the beneficiary and widow of the insured, William N. Collins.

Originally Collins had $10,000 of this insurance. He dropped $5,000 and on February 1, 1947, he applied to have that $5,000 reinstated. As a part of that application (Exhibit 10), he represented as follows:

1. That he was now (application is dated February 1, 1947) in as good health as he was in on the due date of the first premium in default.

2. He denied that he had been ill, or suffered or contracted any disease, injury or infirmity, or had been prevented by reason of ill health from attending his usual occupation, or consulted a physician, surgeon, or other practitioner for medical advice or treatment at home, hospital, or elsewhere, in regard to his health, since the lapse of the policy.

3. He answered question number 3: "Have you ever applied for disability compensation, retirement pay, or pension? (Answer 'yes' or 'no')" William N. Collins answered this part of the question "yes". The question continues:

"If 'yes' give Claim No. C——" Collins inserted the number "11180572".

Exhibit 8, Application For Hospital Treatment Or Domiciliary Care, executed January 28, 1947, indicates that on August 10, 1946, Collins had received hospital care from The Veterans' Administration at Milwaukee, Wisconsin. The medical history at Bethesda Naval Hospital, Exhibit 8, indicates—

"Had G. B. attack last February —1946—attack lasted several hours —Then head (sic) 7 to 8 attacks— This attack began 2 weeks ago— with pain in epigastric area—Vomited last nite 3 times. Bowels constipated."

The findings were: "Tenderness epigastric area."

Exhibit 19, the Naval Hospital Medical Center, Bethesda, Abstract shows admission on January 29, 1947, with diagnosis of Du (Peptic Ulcer). The clinical notes show—

" * * * complains of epigastric pain and gas of one year duration. These pains were cramping in nature, relieved by vomiting, and slightly by alkalies and lasted 3–4 hours. He has had several attacks since, but the last one occurred 3 weeks ago which has never completely disappeared. Physical exam reveals spasm and tenderness over gall bladder area in RUQ. Possible slight enlargement of liver. This could by (sic) a gall bladder colic, or a moderately severe gastritis. Pancreatitis shoild (sic) also be considered. This history is not typical of a peptic ulcer."

Exhibit 19 reflects the findings at various times during the hospitalization until February 26, 1947, when the entry appears:

"Changed diag. to: Jaundice, acute infectious (established) * * * From history this seems to be a chronic cholecystitis with episodie of infectous - (sic) jaundice superimposed over this. * * *"

Exhibit 13, Application for Pension, received February 1948, indicates nature of disease to be a stomach condition. Collins considered himself totally disabled from February 2, 1947, that he became ill January 29, 1947 and had been ill to the present time, and that he was at the Bethesda Naval Hospital, January 29, 1947. In Exhibit 13 he stated that he had a stomach condition that began February 20, 1946. Collins was awarded disability compensation from January 29, 1947, three days prior to the reinstatement of his insurance. Even though his application for disability was to be from February 2, 1947 and he had actually been hospitalized from January 29, 1947, there is no explanation for his claiming disability from February 2, 1947, instead of January 29, 1947, unless it be because of his applying for a reinstatement of the insurance policy on February 1, 1947. Collins died of a malignancy of the bowel. Collins had applied for pension or compensation for disability August 15, 1946.

Dr. Connor, medical consultant with the V. A. Insurance Division, testified that the application for a policy was turned down because the applicant was hospitalized on the day he applied and V. A. Regulation 3423(a) specifies that a man is uninsurable if he is hospitalized at the time of application for reinstatement. Dr. Connor testified from examination of the records that Collins was at the Bethesda Hospital for treatment; that being in the hospital for treatment is considered total disability and makes the man uninsurable. That reinstatements are approved in the first instance if there is nothing on their face which indicates the applicant is not insurable. Also, that the disability pension parts of the V. A. are entirely separate from the insurance section. Also, that the insurance section in the normal course of events has no access to the disability claim files, and in this particular case, at the time the policy was approved by the examining clerk, he did not have before

him the record with reference to disability compensation.

The government defended this action on the ground of fraud in the application for the policy reinstatement. At the close of the testimony, the government moved for a directed verdict. This motion was denied as the court felt that there should be a complete record in the case. The matter was submitted to the jury on a special verdict in which the jury found in answer to Question No. 1 that Collins made false representation or statement in the application for reinstatement of his policy. In answer to Question No. 2, that such false statements did not relate to material facts, were not made by Collins with knowledge of their falsity, were not made by him with intent to deceive the United States, but that the United States did rely upon such false statements when the policy was issued. The court directed judgment for the plaintiff upon the verdict being returned, pursuant to Rule 58, Fed.Rules Civ.Proc. 28 U.S.C.A.

The matter is now before the court on motion of the government for an order setting aside the verdict, or for judgment in accordance with the government's previous motion for a directed verdict on the ground that there is no substantial evidence to support the verdict, that failure to disclose serious symptoms, consultations and treatment was material as a matter of law, that intent to deceive is presumed as a matter of law where false statements concerning material matters are made, and the government relied upon such false statements, and upon the ground that under federal statutes and regulations in force and effect on February 1, 1947, the policy could not be lawfully reinstated where the applicant was hospitalized for treatment at the time the policy was reinstated, and that, therefore, the policy is void as a matter of law.

The court has in mind the rule that on such motions the evidence must be construed most strongly in favor of sustaining the jury's verdict, and that if there is any evidence from which the jury could find, as it found, the verdict must stand. Plaintiff's counsel has cited a number of cases involving National Service Life Insurance holding that under the particular evidence a question of fact was presented and the jury's verdict must be sustained. An examination of these cases indicates that in each of them there was a conflict in the evidence and there was evidence from which a jury could find as it did find. The court believes that the question now before it is governed by the following decisions:

Pence v. United States, 1942, 316 U.S. 332, 62 S.Ct. 1080, 86 L.Ed. 1510. There, as here, the application for disability benefits made within a year following application for reinstatement of the policy indicate that the insured well remembered his previous medical consultations and disabilities which had been negatived in his application for reinstatement of the insurance. The court stated, 316 U.S. at page 339, 62 S.Ct. at page 1084:

"Pence's representations in the application were not evidence of their own veracity. His later contrary statements were repeated, and usually under oath; they are in no way improbable, and are the statements of one who, being himself a doctor, spoke with knowledge of the subject and bearing of his statements. His admissions left no room for conjecture as to the falsity of the previous statements in the application, and of his knowledge of such falsity. From these facts the requisite intent to defraud is presumed, and therefore need not be proven in the absence of countervailing evidence. Materiality and reliance were conclusively established by evidence introduced at the trial, if indeed such proof were needed."

Plaintiff's counsel seeks to distinguish this case on the ground that Pence was a physician. Collins was a well educated man, and while not a physician, it is inconceivable that what he remem-

bered so clearly when he filed his application for disability benefits, he had not remembered when he filed, on February 1, 1947, his application for reinstatement of the policy. Plaintiff claims that the application for reinstatement of the policy was made out earlier in January and before Collins entered Bethesda Naval Hospital. Regardless of when it was made out, it was not sent in until he had been in that hospital at least three days, and when it was sent in under date of February 1, 1947, it was false with reference to his hospitalization, and Collins could not have, by any stretch of the imagination, not known that it was false. It was material. It is the opinion of the court, under authorities herein cited, that it was made with attempt to deceive as a matter of law. When the Pence case was before the Court of Appeals, Pence v. United States, 7 Cir., 1941, 121 F.2d 804, 808, the Court of Appeals stated that " 'concealment or misrepresentation may be of facts in a legal sense material to the risk, or fraudulent, in either of which cases the issue should not be submitted to the jury.' "

The court will review a few of the other decisions which bear out that, notwithstanding the high degree of proof required to take such issues away from the jury, nevertheless, in clear cases no jury issue is presented. United States v. Elliott, 5 Cir., 73 F.2d 374; McDaniel v. United States, 5 Cir., 1952, 196 F.2d 291; Clohesy v. United States, 7 Cir., 199 F.2d 475, in which it is also pointed out that fraud is not vitiated by the fact that in the application for reinstatement of the policy the disability claim number is given.

In Halverson v. United States, 7 Cir., 121 F.2d 420, 422, in holding that there was fraud, the court stated:

> "This was no routine examination such as many persons submit to periodically. That the result of that examination was reassuring to him did not justify his unequivocal denial of any consultation. Cf. Perkins v. Prudential Ins. Co., 7 Cir.,

69 F.2d 218. His clear recollection of all the consultations later when he desired to use them to support his claim for compensation negatives the idea of mere forgetfulness."

True, the Halverson case was tried by the court and not a jury, nevertheless, the position taken by the Court of Appeals in that decision is clear and unequivocal.

In Danaher v. United States, 8 Cir., 1950, 184 F.2d 673, 676, in holding in a somewhat comparable case that the trial court correctly directed the verdict for the government, citing Pence v. United States, supra, as authority, the court states that such representations are material as a matter of law, "And if knowingly false, proof of an actual conscious purpose to deceive is not necessary."

It is undisputed that the policy of insurance could not have been reinstated under the regulations had it been known that Collins was hospitalized at the time he made the application. In that respect the case of Jones v. United States, 8 Cir., 1951, 189 F.2d 601, 602, is material. It is there stated:

> "This is an action on a contract. The terms of the contract and the rights and liabilities of the parties under it are fixed by the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 801 et seq. and the authorized administrative regulations promulgated in conformity with the Act. See Lynch v. United States, 292 U.S. 571, 577, 54 S.Ct. 840, 78 L.Ed. 1434; White v. United States, 270 U.S. 175, 180, 46 S.Ct. 274, 70 L.Ed. 530."

For the foregoing reasons it is the opinion of the court that the representations were not only false and relied upon by the government, as found by the jury, but, as a matter of law, they related to material facts, were made with knowledge of their falsity, and as a matter of law, with intent to deceive, and that there is no evidence or permissible inferences from the evidence from which

the jury, finding to the contrary, could be permitted to stand.

Defendant's counsel may prepare proposed order and proposed judgment in conformity with this opinion, submitting said proposed order and judgment to plaintiff for approval as to form only.